

FILED
SUPERIOR COURT
OF GUAM

2013 JUL -8 PM 4: 12

# THE SUPERIOR COURT OF GUAM

IN THE MATTER OF THE ESTATE ) PROBATE CASE NO. PR0013-03

OF )

JOSE CASTRO SAN NICOLAS, ) **DECISION AND ORDER**
**(Statement of Objection)**

Deceased. )

## INTRODUCTION

This matter comes before the **HONORABLE VERNON P. PEREZ** on the Heirs' of Isabel S.N. Eclavea ("the Eclavea Heirs") Statement of Objection to the competency of the Honorable Arthur R. Barcinas ("Judge Barcinas"). The Eclavea Heirs are represented by Attorney Delia Lujan Wolff. The Court now issues the following Decision and Order denying the Eclavea Heirs' Statement of Objection.

## BACKGROUND

At a hearing on April 3, 2013, Judge Barcinas disclosed that Attorney Jessica Toft ("Attorney Toft"), attorney for the present Administrator, was his former law clerk and did not work on the underlying probate matter during her clerkship. Statement of Objection at 2. The Eclavea Heirs then filed Statement of Objection on April 17, 2013, seeking to disqualify Judge Barcinas. Judge Barcinas filed Decision and Order ("Decision") and Answer to Statement of Objection ("Answer") on May 3, 2013.

## DISCUSSION

The Eclavea Heirs argue Judge Barcinas should be disqualified due to Attorney Toft's appearance in this case. This argument is not premised on bias, but on whether Judge Barcinas's impartiality might be reasonably questioned under Title 7 GCA § 6105(a).

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03
Page 1 of 9

Title 7 GCA § 6107 governs the procedure for filing a statement of objection regarding a judge's disqualification. The Supreme Court of Guam has described the procedure prescribed by 7 GCA § 6107:

> Pursuant to 7 GCA 6107, if a judge does not recuse himself, then a party may, 'at the earliest practicable opportunity,' 'file ... a written statement objecting to the ... Judge.' The written statement must 'set[ ] forth the fact or facts constituting the ground of the disqualification of such ... Judge,' and must be served on the Judge. Within 'ten (10) days after the service ... or ... filing of any statement, whichever is later in time,' a Judge may file a 'written answer,' which must be 'verified in the manner prescribed for the verification of pleadings.' If the Judge opposes his own disqualification, then 'the question of the ... Judge's disqualification shall be heard and determined by some other Judge.'

*Van Dox v. Superior Ct.*, 2008 Guam 7 ¶ 17 (internal citations omitted).

Title 7 GCA § 6105 is based on 28 U.S.C. § 455 and governs the substantive grounds for disqualification of judges. Section 6105 provides:

**§ 6105. Grounds of Disqualification.**

(a)     *Any judge shall disqualify himself or herself in any proceeding in which his or her impartiality might reasonably be questioned,* but if, following complete disclosure to all parties in the proceedings of the reasons for disqualification, all parties agree to having the judge continue to sit in the proceedings, he or she need not disqualify himself or herself.

7 GCA § 6105(a) (2013) (emphasis added); *See Ada v. Gutierrez*, 2000 Guam 22, ¶ 12, n.2. Section 6105(a) requires disqualification for the appearance of partiality, such as when a judge's "impartiality might reasonably be questioned." 7 GCA § 6105(a). In other words, "disqualification may occur even though a judge is not actually biased or prejudiced, and has no extrajudicial knowledge of disputed evidentiary facts." *U.S. v. Salemme*, 164 F.Supp.2d 49, 80 (D.Mass.1998) (citation omitted). Actual bias is not a prerequisite for recusal, as the appearance of impropriety is enough. *See Liteky v. United States*, 510 U.S. 540, 548 (1994). "The standard for recusal is the appearance of impropriety and [ ] no actual showing of bias is necessary for recusal to lie." *Dizon v. Superior Ct.*, 1998 Guam 3 ¶ 32. The purpose of Section

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03
Page 2 of 9

455(a) is "to promote public confidence in the integrity of the judicial process" and to avoid even the "appearance of impropriety." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). "Avoiding the appearance of impropriety is as important to developing public confidence in the judiciary as avoiding impropriety itself." *U.S. v. Hollister*, 746 F.2d. 420, 425-26 (8th Cir. 1984); *See* 28 U.S.C. § 455(a). "[J]udges and justices have 'as strong a duty to sit when there is no legitimate reason to recuse as [they] do[ ] to recuse when the law and facts require.'" *People v. Tennessen*, 2010 Guam 12 ¶ 49 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)).

Courts often apply a reasonable person standard to determine whether impartiality or the appearance of impropriety must be reasonably questioned. This standard evaluates whether a reasonable person with knowledge of all the facts would conclude that a judge's impartiality might reasonably be questioned. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). The Supreme Court of Guam has adopted this objective standard and has held that "[t]he appearance of bias is judged from the standard of a 'reasonable person' who knows all the facts, and understands the 'contexts of the jurisdictions, parties, and controversies involved,' including such 'realities of the Guam judicial system' as the relatively small number of lawyers in the Guam bar and 'the nature of Guam families.'" *Van Dox*, 2008 Guam 7 ¶ 32 (quoting *Ada*, 2000 Guam 22 ¶¶ 12-13). Section 455(a) recusal cases are "extremely fact intensive and fact bound, and must be judged on its unique facts and circumstances more than by comparison to situations considered in prior jurisprudence." *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995).

### A. Attorney Toft as Administrator's Counsel

Generally, when a former law clerk appears before a judge for whom they once clerked, it is insufficient grounds to make a reasonable person question a judge's impartiality. *See In re*

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03

Page 3 of 9

*Cooke*, 160 B.R. 701, 707 (D.Conn.1993) (citation omitted). To cure the appearance of impropriety, some federal courts have adopted either rules or decided cases prohibiting former law clerks or judges from appearing before a judge for a period after their clerkship.[1] A judge's recusal is also not required where there is insufficient evidence that an attorney worked on case during their clerkship. *See e.g. Reilly by Reilly v. S.E. Pa. Transp. Auth.*, 479 A.2d 973 (Pa. Super. Ct.1984) (finding a judge's recusal unnecessary where the record did not suggest the attorney was involved in the case during his clerkship).

The United States Supreme Court, First Circuit, and Eighth Circuit have adopted recusal rules, which prohibit former law clerks from practicing before their judge for a period after their clerkship. *See e.g. Ghee v. Artuz*, 285 F.Supp.2d 328, 329 (E.D.N.Y. 2003) (citing U.S. Sup. Ct. R. 7) (The U.S.S.C. prohibits a former law clerk from appearing for two years from their date of separation.); *In re Martinez–Catala*, 129 F.3d 213, 218 (1st Cir. 1997) (citing 1st Cir. R. 46) ("Courts often have prophylactic rules that forbid a former law clerk from appearing in that court for a year or more after the clerkship, but no such rule is claimed to have been violated in this case."). The Eighth Circuit prohibits law clerks from appearing for a period of one year after their clerkship. *See Patzner v. Burkett*, 779 F.2d 1363, 1372 (8th Cir. 1985). Initially, in *Hollister*, the Eighth Circuit Court of Appeals reviewed a judge's refusal to recuse himself where the prosecutor completed her clerkship three months earlier. *See Hollister*, 746 F.2d. at 425. The *Hollister* Court achieved the following precedent: it refused to adopt a bright-line recusal or disqualification rule for judges, recommended a one-year insulation period before a judge could hear a case involving a former law clerk, and ultimately left recusal to the judge's discretion. *Id.* In *Patzner*, the Eighth Circuit Court of Appeals later explained that it had promulgated a one-year rule for the recusal of former law clerks:

---

[1] Federal case law is not binding but instructive.

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03

In light of *Hollister* the Eighth Circuit Court of Appeals has promulgated a rule providing that a circuit court law clerk may not 'after leaving employment participate in any way as an attorney in any case pending in this Court during his or her term of service, or appear at counsel table or on brief in any case heard during a period of one year following separation from service with the Court.'

*Patzner*, 779 F.2d at 1372 n.8. (quoting 8th Cir. R. 30). The *Patzner* Court noted the adoption of a recusal rule for law clerks but held, "We leave [the] question [of a judge's disqualification] to be resolved by the trial judge. . . ."

There are also federal district courts that have case law establishing similar recusal rules applicable to judges and law clerks. *See e.g. Smith v. Pepsico*, 434 F.Supp. 524, 526 (S.D.Fla. 1977) (recognizing that where judges and their former law clerks were concerned, the custom was a one-year recusal period in the district); *Duke v. Pfizer, Inc.*, 668 F.Supp. 1031, 1036 (E.D.Mich. 1987) (citations omitted) ("[A] one- or two-year period of repose is enough to cure any possible appearance of impropriety."); *Ghee v. Artuz*, 285 F.Supp.2d 328, 329 (E.D.N.Y. 2003) (adopting a rule disqualifying former law clerks from appearing before the court for one year).

The Eclavea Heirs contend Judge Barcinas's impartiality might reasonably be questioned based on his former law clerk's appearance in this matter and provides the following arguments: (1) he and Attorney Toft enjoyed a close personal and professional relationship for at least seven years, and Judge Barcinas relied on Attorney Toft to conduct research relating to his assigned docket and provide guidance on legal, procedural, and other issues; (2) with only a few months between Attorney Toft's departure as Judge Barcinas's law clerk and her appearance as counsel for Administrator, a reasonable person might question his impartiality, as it creates the appearance of impropriety requiring recusal; and (3) while Attorney Toft may not have actively worked on this probate matter, there is no evidence she was walled off, since during her clerkship the court ordered the parties to show good cause why the case should not

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03

Page 5 of 9

be dismissed, and the parties filed their statements. Objection at 2 & 4.

Judge Barcinas admits Attorney Toft was his law clerk from 2006 to early 2013. Answer at 4. Judge Barcinas contends Attorney Toft never worked on this case in any capacity as a law clerk and has no knowledge of his inclinations regarding this case, as the case remained dormant from January 10, 2007, until July 9, 2012. *Id.* at 6; Decision at 2. Judge Barcinas indicates this case came to the court's attention for routine status hearings on September 21, 2006, and January 10, 2007, during which routine continuances were granted. *Id.* Judge Barcinas adds that on July 6, 2012, this case came up for *sua sponte* dismissal for lack of prosecution and as part of a routine docket control measure implemented by the court. *Id.*

In the present case, Attorney Toft worked as Judge Barcinas's law clerk for seven years and resigned a few months ago. The Eclavea Heirs do not allege Judge Barcinas has a personal bias or prejudice in this case and do not assert he has personal knowledge of disputed evidentiary facts. The Eclavea Heirs do argue a few months is not enough time to eliminate the potential appearance of impropriety, and that there is no evidence Attorney Toft was walled off from this matter during her clerkship.

First, absent allegations of bias or prejudice, this Court will not assume that a reasonable person knowing all of the circumstances would question Judge Barcinas's impartiality. Instead, as the Eighth Circuit has done, this Court will simply direct Judge Barcinas to the line of federal cases cited and only recommend a one-year recusal period. Second, unlike those federal courts mentioned, the Judiciary of Guam has not formally adopted a one-year recusal policy for judges or former law clerks. Thus, this Court will not grant disqualification of Judge Barcinas or Attorney Toft based on the Judiciary of Guam's informal policy, as it is just that, an informal policy. Finally, without any evidence to the contrary and based on Judge Barcinas's Answer, the Court determines the record is devoid of evidence indicating Attorney Toft worked on this

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03

Page 6 of 9

case in any capacity.[2]

## B.    Judge Barcinas Officiated Attorney Toft's Wedding

There are circumstances when a judge has a personal relationship with an attorney that would make it difficult for a judge to be impartial, or to be perceived as impartial by an objective observer. *See United States v. Murphy*, 768 F.2d 1518, 1538 (7th Cir. 1985). Courts have frequently noted that a "judge's friendship with counsel appearing before him or her does not alone mandate disqualification." *In re Cooke*, 160 B.R. 701, 708 (Bankr. D. Conn.1993) (citing *Henderson v. Dep't of Public Safety and Corrections*, 901 F.2d 1288, 1295-96 (5th Cir. 1990)). "A prior cocounsel relationship accompanied by an additional association, such as a close personal or social involvement, or an ongoing financial relationship, may cause a reasonable person to question a judge's impartiality." *Bonelli v. Bonelli*, 570 A.2d 189, 192 (Conn. 1990) (citing *Potashnick v. Port City Construction Co.*, 609 F.2d 1101, 1114–15 (5th Cir. 1980) (holding that a judge with an extensive business and professional relationship with counsel should have disqualified himself).

The Seventh Circuit has acknowledged that in contemporary legal culture, relationships between a judge and attorney are common. *See Murphy*, 768 F.2d at 1537. That court observed that "a judge need not disqualify himself just because a friend—even a close friend—appears as a lawyer." *Id.* The court, however, noted "that when the association exceeds 'what might reasonably be expected' in light of the associational activities of an ordinary judge, the unusual aspects of a social relation may give rise to a reasonable question about the judge's impartiality." *Id.* at 1538 (internal citation omitted). A judge's acquaintance with an attorney

---

[2] Upon review of the case file, the Court notes the existence of two court orders: Notice of Pending Dismissal for Lack of Prosecution filed on July 9, 2012, and Order Re: Probate Closing Deadline filed on August 20, 2012. The Notice of Pending Dismissal for Lack of Prosecution was signed by Yvonne L. Cruz, Judicial Chamber Assistant, and notified the parties "that unless good cause can be shown in writing . . . this cause will be dismissed. . . ." The Order Re: Probate Closing Deadline was signed by Judge Barcinas.

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03

Page 7 of 9

does not typically require disqualification, but there are cases where the degree of intimacy warrants disqualification. *Id.* at 1538 (finding that an objective observer might reasonably question a judge's neutrality, where the judge and prosecutor were close friends and had undisclosed plans to go on a joint family vacation after trial). There are those cases that are inapposite. *See* For the foregoing reason*e.g. Jordan v. Henderson v. Dept. of Public Safety*, 901 F.2d 1288, 1296 (5th Cir. 1990) (finding recusal inappropriate where one party alleged the judge and opposing counsel were good friends and had known opposing counsel since he was a kid).

The Eclavea heirs contend Judge Barcinas flew to the mainland to attend and, possibly, officiate the wedding of Attorney Toft and her husband. Objection at 2.

Judge Barcinas admits and contends the following: (1) as a gesture of personal and professional courtesy to Attorney Toft, he traveled to the mainland to attend and officiate her wedding; (2) he and Attorney Toft had a close personal relationship while she was his law clerk, the kind that any judge and law clerk would inevitably develop over the court of seven years; (3) he and Attorney Toft continue to have a close professional relationship, but only to the extent that he continues to hold her in the same high professional esteem in which he holds the many practicing attorneys of the Guam Bar with whose work product he has become familiar with during his time on the bench; (4) he and Attorney Toft have a close professional relationship only to the extent that during her employment as his clerk, he developed a positive impression of her personal qualities, including her integrity, sense of humor, and kindness and continues to view Attorney Toft in the same positive and amicable light in which he views the many attorneys of the Guam bar with whose personalities he has become familiar during his time on the bench; and (5) he denies any allegations to the extent that they reach further. Answer at 4.

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03

Page 8 of 9

In the case before the Court, the Court has not found any cases addressing when a prior relationship between a former law clerk and judge causes a reasonable person to question a judge's impartiality. Most cases deal with the attorney-judge relationship and require that a reasonable person standard be applied to those unique facts. Hence, this Court's application of cases involving the attorney-judge social relationship.

Here, the Eclavea Heirs allege Judge Barcinas enjoyed a close personal and professional relationship with Attorney Toft, and that he officiated Attorney Toft's wedding. This case is distinguishable from *Murphy*, as there are no unusual aspects of this relationship that may give rise to a reasonable question about the judge's impartiality. It appears Judge Barcinas traveled to the mainland to officiate Attorney Toft's wedding during her clerkship. That fact alone makes this case distinguishable from *Murphy*, as the record is devoid of any ongoing personal or social relationship between Judge Barcinas and Attorney Toft. Absent any facts to the contrary, a reasonable person would not find that Judge Barcinas's impartiality should "reasonably be questioned" to warrant disqualification.

## CONCLUSION

For the foregoing reasons, the Eclavea Heirs have not stated sufficient grounds under 7 GCA § 6105(a) warranting Judge Barcinas's disqualification. Thus, the Eclavea Heirs' Statement of Objection is hereby **DENIED**.

**SO ORDERED** this ___8th___ of July 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam.
Dated at Hagatna, Guam.

JUL 2013

Leonard F. Ventura
Deputy Clerk, Superior Court og Guam

**HONORABLE VERNON P. PEREZ**
**JUDGE, SUPERIOR COURT OF GUAM**

*In the Matter of the Estate of Jose Castro San Nicolas*
Decision and Order (Statement of Objection)
Probate Case No. PR0013-03
Page 9 of 9